IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

IN RE: FERN BLACKWELL HUNTER,

        Debtor.

FERN BLACKWELL HUNTER,

        Appellant,

v.                                           CIVIL ACTION NO. 3:20-cv-0159
                                                    BANKRUPTCY NO. 3:19-bk-30308

HELEN M. MORRIS, U.S. Trustee,

        Appellee.

**MEMORANDUM OPINION AND ORDER**

This case is before the Court on appeal from the United States Bankruptcy Court for the Southern District of West Virginia. Appellant Fern Blackwell Hunter seeks review of two issues: first, whether the bankruptcy court erred in dismissing her claims for failure to promulgate a feasible plan to cure the default in her mortgage payment, and second, whether the bankruptcy court erred in ruling that she was otherwise ineligible for relief under Chapter 13 of the Bankruptcy Code. Both questions have been fully briefed and this matter is ripe for resolution. For the reasons set forth below, the Court **AFFIRMS** the bankruptcy court's decision and **ORDERS** this action removed from its docket.

**I. BACKGROUND**

Appellant is an eighty-two-year-old resident of Red House, West Virginia, where she has resided in the same home for nearly sixty years. *See Appellant's Br.*, ECF No. 3, at 8. The home is subject to a Note and Deed of Trust in favor of Wesbanco, as well as another Note and Deed of

Trust in favor of First State Bank. *Id.* In 2018, she instituted a Chapter 7 proceeding in the United States Bankruptcy Court for the Southern District of West Virginia and listed her real property as valued at $187,900. *Id.*; *Appellee's Br.*, ECF No. 6, at 6. She discharged her personal liability on both loans, as well as $53,132.18 in other unsecured debt. *Appellee's Br.*, at 6. Proceeding *pro se*, she instituted a Chapter 13 proceeding in 2019 to prevent the foreclosure sale of her home. *Appellant's Br.*, at 8. Appellant did not pursue her case in the bankruptcy court, and it was dismissed on May 10, 2019 for failing to file a plan. *Id.* at 7.

Several months later, and again proceeding *pro se*, Appellant once again instituted Chapter 13 proceedings to prevent the sale of her home at a foreclosure sale. *Id.* By operation of law, an automatic stay provided for a delay of the sale. *Id.* at 4. On October 2, 2018, the Trustee filed her Motion to Dismiss and submitted a proposed order that would bring about that outcome. *Id.* at 9. Weeks later, Appellant obtained counsel on a *pro bono* basis. *Id.* On October 31, 2019, the bankruptcy court entered an order lifting the automatic stay on Appellant's property pursuant to 11 U.S.C. § 362(c)(3)(a). *Appellee's Br.*, at 7.

On December 4, 2019, Appellant appeared at a hearing in front of United States Bankruptcy Judge Frank W. Volk and argued against granting the Trustee's Motion. *Appellant's Br.*, at 10. She argued that she would be able to make her payments under the plan with help from her son, and that the proposed plan was therefore feasible. *Id.* The Bankruptcy Court reserved ruling in order to "let the process play out on the Amended plan,"[1] but noted that "[i]f payments aren't made timely, this will not bode well for the case." *Id.* at 6, 10. Counsel filed an amended

---

[1] The Bankruptcy Court directed Appellant "to file an amended plan tomorrow." *Appellant's Br.*, at 6.

Chapter 13 plan the next day, which proposed step-up payments in the amount of $77.50 per month for two months, $471.00 for five months, and then $1,803.13 for all remaining months. *Id.* at 10.

Though a confirmation hearing was held on February 5, 2020, the bankruptcy court entered an Order granting the Trustee's Motion to Dismiss on February 17, 2020. *Id.* at 11; *see also Order*, ECF No. 4-20, at 1–2. The Order mirrored the Trustee's Proposed Order, and found that Appellant's "schedules do not support a feasible plan." *Order*, at 1. "Even if there were a stay in effect," the Order explained, Appellant "lacks the resources to promulgate a plan which cures the default in mortgage payments and maintains them during the course of a plan." *Id.* As Appellant's personal obligations were discharged in her Chapter 7 proceedings and her creditors had *in rem* rights in the property, the bankruptcy court ruled that she was not eligible for Chapter 13 relief. *Id.* at 2.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 158(a), a federal district court acts as an appellate court when considering an appeal of a bankruptcy court's final decisions. Findings of fact are reviewed for clear error, while conclusions of law are reviewed *de novo*. *See* 28 U.S.C. § 158(a); *Valley Historic Ltd. P'ship v. Bank of New York,* 486 F.3d 831, 835 (4th Cir. 2007) (citing *Kielisch v. Educ. Credit Mgmt. Corp. (In re Kielisch)*, 258 F.3d 315, 319 (4th Cir. 2001)); *see also In re Gallagher,* 388 B.R. 694, 697 (W.D.N.C.2008). Yet while "the court is to apply the 'clearly erroneous' standard of review for the bankruptcy court's findings of fact, the bankruptcy court must have sufficiently delineated the evidentiary basis for its decision." *In re Mullins*, No. 2:00–0571, 2009 WL 3160361, at *2 (S.D.W. Va. Sept. 30, 2009) (citing *In re Excalibur Automobile Corp. v. Robinson,* 859 F.2d 454, 458–59 (7th Cir.1988); *In re HSSI, Inc.*, 193 B.R. 851, 854 (N.D. Ill. 1996)). Put slightly differently: while the Court owes deference to the bankruptcy court's factual findings, it will not

credit rote conclusions divorced from any particularized evidence. *See Behrmann v. Nat'l Heritage Found.*, 663 F.3d 704, 708 (4th Cir. 2011) (reasoning that remand is necessary where "a "bankruptcy court[ ] fail[s] to make sufficient factual findings in support of its legal conclusions [that] allow for meaningful appellate review under any standard").

### III. DISCUSSION

Appellant raises two issues on appeal from the bankruptcy court's order of dismissal. First, she challenges the bankruptcy court's conclusion that she lacked the resources to promulgate a plant that could cure the default in her mortgage payments after it had already decided to "let the process play out in the amended plan." *Appellant's Br.*, at 4. Second, she claims that the bankruptcy court erred in concluding she was not eligible for Chapter 13 relief. *Id.* The Court will consider both issues in turn.

#### A. Resources to Promulgate a Feasible Plan

Appellant's first argument is a challenge to a single paragraph of the two-page Order at issue in this appeal, which provides that "The debtor's schedules do not support a feasible plan. Even if there were a stay in effect, the debtor lacks the resources to promulgate a plan which cures the default in mortgage payments and maintains them during the course of a plan." *See Order*, at 1. At core, Appellant claims that these conclusory findings are insufficient to justify a reversal of the bankruptcy court's earlier decision to "let the process play out on the amended plan." *See Appellant's Br.*, at 8–9. Appellee does not spend much time addressing this argument directly, instead focusing on the accuracy of the bankruptcy court's findings and contending that it correctly concluded that Appellant could not promulgate a confirmable plan. *See Appellee's Br.*, at 4.

As an initial matter, the Court agrees with Appellant that "there must be a sufficient factual basis found by the bankruptcy court in order to support" denying or granting a motion to dismiss.

*Appellant's Br.*, at 9 (citing *In re C & R*, No. 94-1230, 1994 WL 320214 (4th Cir. July 6, 1994) (per curiam)). The question for this Court's consideration is thus whether the two sentences at issue here are enough to meet this threshold. Where the record before a district court is entirely devoid of facts capable of supporting a bankruptcy court's findings, remand is necessary for further factual development. *See, e.g.*, *Joseph v. Cooper*, 539 B.R. 489, 498–99 (W.D.N.C. 2015). This makes a good deal of sense, as appellate review of another court's findings is an exercise in conjecture if it is unable to engage with the subordinate facts that support them. *See O'Neal v. Gresham*, 519 F.2d 803, 805 (4th Cir. 1975). Here, however, there is ample evidence in the record to support the bankruptcy court's (admittedly quite sparse) findings.

In order to promulgate a confirmable Chapter 13 plan, a debtor must comply with a set of provisions outlined in 11 U.S.C. § 1325(a). Appellee argues that Appellant falls short on five of these requirements—namely, that she has not complied with the Bankruptcy Code, that she has not proposed her plan in good faith, that her plan has not been accepted by secured creditors, that she will not be able to make all payments proposed under the plan, and that she has not filed her plan in good faith. *See Appellee's Br.*, at 4. The Court need not address each of these arguments, and will instead focus on Appellant's ability to make payments under the amended plan.

In her latest amended plan, Appellant represents that she earns a monthly disposable income of $246.44 and a monthly gross income of $1,764.10. *See Am. Plan*, ECF No. 4-16, at 1. Appellant proposes making two months of payments of $77.50, five months of payments of $471, and then fifty-five months of payments of $1,803.13 for a total plan base of $101,682.27. *Id.* at 2. The plan also provides for curing the prepetition arrearage in the amount of $29,051.65 on Appellant's mortgage, as well as for monthly ongoing mortgage payments of $924.00.[2] It also

---

[2] As noted in Appellee's Brief, Appellant's monthly mortgage payments are actually

provides for payment of delinquent real estate taxes, to be paid through monthly payments along with 12% interest. *Id.* at 4. Appellee reviewed the plan and advised against confirming it for several reasons. *Trustee's Recommendation*, ECF No. 4-18, at 3. First, she pointed out that the West Virginia State Auditor's Office would not accept monthly payments of Appellant's delinquent real estate taxes; instead, it would require payment as a lump sum. *Id.* at 1. Second, she pointed to her contemporaneously-filed workup indicating that the plan would "not make the required distribution." *Id.*

The bankruptcy court was therefore presented with ample evidence that Appellant would not "be able to make all payments under the plan" as required by 11 U.S.C. § 1325(a)(6). The plan provided for fifty-five months of payments of $1,803.13, or $39.03 *more* than her monthly gross income. Delinquent taxes—a separate matter—were due as a lump sum payment, along with 12% interest required West Virginia law. *See* W. Va. Code § 11A-3-38. The plan ran for sixty-two months but provided for only sixty months of mortgage payments to Wesbanco, and in any event understated the current monthly payments required on that mortgage. Taking all these facts together, the bankruptcy court justifiably concluded that Appellant had not promulgated a feasible plan. *See Order*, at 1. Under 11 U.S.C. § 1307(c), then, dismissal was warranted.

The fact that the bankruptcy court previously indicated a willingness to entertain an amended plan does not alter this analysis. At no point did Judge Volk rule that he would confirm an amended plan, or that making payments on an amended plan would guarantee confirmation. Rather, he advised Appellant on December 4, 2019 that timely filing an amended plan would be the "last *opportunity*" to avoid dismissal, and that failure to make timely payments would "not bode well for the case." *Hr'g Notes*, ECF No. 1-3, at 12 (emphasis added). Nothing in this open-

---

$927.63, not $924. *Appellee's Br.*, at 8.

ended language bound the bankruptcy court to any particular course of action; indeed, any other view requires accepting that Judge Volk had guaranteed confirmation of a plan he had yet to review. The Court declines to adopt such an interpretation of events here.

The Court similarly finds no relevance in Appellant's argument that the bankruptcy court's Order was first proposed by the Trustee on October 2, 2019. In reviewing the Order, the Court looks to its reasoning, not its source. Reasons that could justify dismissal on October 2, 2019 could also justify dismissal on February 17, 2020, but only one of these dates is relevant for the purposes of appellate review—the date of entry. In any event, the Court is not inclined to attach less weight to those orders issued pursuant to a party's proposal than those personally drafted by a judge. A final order is a final order, reviewable by this Court under 28 U.S.C. § 158(a)(1). The provenance of any such order is, quite simply, irrelevant to this Court's review.

In sum: while the bankruptcy court's findings are sparse, they are at least sufficient to permit meaningful appellate review. And because that review reveals those findings to be supported by facts in the record, the Court affirms the bankruptcy court's determination that Appellant lacks the resources to promulgate a feasible plan.

### B. Chapter 13 Eligibility

Appellant's second and final issue raised on appeal is that the bankruptcy court erred in concluding that she was "not eligible to be a Chapter 13 Debtor because [her] personal obligations were discharged in her prior Chapter 7 proceeding." *Appellant's Br.*, at 9. For support, Appellant points to a Proof of Claim filed by the West Virginia State Auditor "asserting an obligation in the amount of $5,261.47." *Id.* She claims this rebuts the bankruptcy court's conclusion that her personal obligations "with respect to her debts were discharged in her Chapter 7 case." *Order*, at 2. Yet this is a legal distinction without much difference for the purposes of this appeal. Even if

the Court were to remand this action to the bankruptcy court to consider whether Appellant's unpaid real estate taxes render her eligible for Chapter 13 relief, the fact remains that she simply "lacks the resources to promulgate a plan which cures the default in mortgage payments and maintains them during the course of a plan." *Id.* at 1. Absent such a plan, dismissal remains proper under 11 U.S.C. § 1307(c). Remand would therefore be meaningless, as it would simply offer no prospect of relief to Appellant.

## IV. CONCLUSION

For the foregoing reasons, the Court **AFFIRMS** the bankruptcy court's Order and **ORDERS** this action removed from its docket.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: June 4, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE